FILED

04/08/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0467

DA 24-0467

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 72N

IN RE THE PARENTING OF:

P.J.S. and C.P.S., minor children,

TASHA STUCK,

       Petitioner and Appellee,

   v.

BRIAN SQUILLACIOTTI,

       Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDR 2023-70
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brian Squillaciotti, Self-Represented, Helena, Montana

      For Appellee:

      Tasha Stuck, Self-Represented, Helena, Montana

Submitted on Briefs:  March 12, 2025

Decided:  April 8, 2025

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Brian Squillaciotti (Father) appeals the District Court's July 30, 2024 Order denying his motion to amend the existing parenting plan for the minor children, P.J.S. and C.P.S., he shares with Appellee Tasha Stuck (Mother). After careful review, we affirm.

¶3    On August 11, 2023, the parties filed an Agreed Parenting Plan, which the District Court adopted. The parenting plan provided for week on-week off shared parenting. Less than a year later, on June 14, 2024, Father moved to amend the parenting plan, contending that Mother was not taking the children during her allotted parenting time, did not give notice about the two weeks she would "take them," was "not following the [parenting] plan" by "this action (not taking the children during her allotted parenting time) and other action like not [giving] picture of the kids to copy and give back," and brought "a total stranger to our older son['s] IEP."

¶4    Mother opposed the motion, arguing Father failed to establish a substantial change in circumstances that would justify amending the plan. Mother further responded that Father did not get the children to appointments and was not cooperating with her in parenting.

2

¶5 Finding no indication that the underlying circumstances had changed, the District Court declined to hold a hearing on Father's motion and, on July 30, 2024, issued its order denying it.

¶6 We review a district court's findings of fact in parenting matters for clear error and its conclusions of law for correctness. *In re Marriage of Baer*, 1998 MT 29, ¶ 18, 287 Mont. 322, 954 P.2d 1125. We will uphold the district court's decision unless there is a clear abuse of discretion. *Baer*, ¶ 18.

¶7 Under Montana law, a court may amend a parenting plan if it finds, based on facts arising since the plan's entry or that were unknown at the time, that a change in circumstances has occurred and that the amendment is necessary to serve the child's best interest. Section 40-4-219(1), MCA. Father bears the burden of demonstrating both a substantial change in circumstances and that the proposed modification is in the child's best interest. *See* § 40-4-219(1)(a)–(b), MCA.

¶8 Here, the District Court found that the issues Father described did not constitute a substantial or unforeseen change in circumstances. The record showed no reason to change the existing plan to which the parties had agreed less than a year earlier. These findings are supported by the record and are not clearly erroneous.

¶9 Because Father failed to establish a change in circumstances sufficient to justify amending the parenting plan, the District Court's denial of Father's motion was not an abuse of discretion. Its conclusions of law correctly applied § 40-4-219, MCA, and relevant case authority.

¶10 We hold that the District Court properly denied Father's motion to amend the parenting plan. We therefore affirm the District Court's July 30, 2024 Order in its entirety.

¶11 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or clear application of standards of review. The District Court's ruling was not an abuse of discretion. Affirmed.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON